# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES RANDY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:16-cv-00102 |
| | ) | |
| GRAPHIC PACKAGING | ) | JUDGE CAMPBELL |
| INTERNATIONAL, INC., | ) | MAGISTRATE JUDGE |
| | ) | FRENSLEY |
| Defendant. | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Attorneys' Fees. (Doc. No. 51). Plaintiff filed a response in opposition (Doc. No. 52), and Defendant has replied (Doc. No. 56). For the reasons stated below, Defendant's Motion for Attorneys' Fees is **DENIED**.

### I.  PROCEDURAL HISTORY

In November of 2016, James Williams ("Plaintiff") filed a complaint against his former employer, Graphic Packaging International, Inc. ("Defendant"). (Doc. No. 1). Plaintiff alleged discriminatory employment practices and asserted causes of action under the Americans with Disabilities Act ("ADA"), Tennessee Disability Act ("TDA"), Genetic Information Non-Discrimination Act ("GINA"), Age Discrimination in Employment Act ("ADEA"), Tennessee Human Rights Act ("THRA"), Family Medical Leave Act ("FMLA"), and the Employee Retirement Income Security Act ("ERISA"). (*Id.*). In January of 2018, Defendant moved for summary judgment, seeking dismissal of all eleven causes of action, and Plaintiff responded in opposition. (Doc. No. 24, 29).

On May 8, 2018, this Court granted Defendant's Motion for Summary Judgment on all claims and dismissed Plaintiff's complaint. (Doc. No. 44, 45). Defendant now requests attorneys'

1

fees and costs in the amount of $156,318.17 pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, and 42 U.S.C. § 2000ff-6(a)(1), and in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.01(b). (Doc. No. 51). Plaintiff opposes Defendant's motion for attorneys' fees and objects to Defendant's bill of costs. (Doc. No. 52).

## II. ATTORNEY FEES UNDER GINA AND THE ADA

Plaintiff's discrimination claims under GINA[1] and the ADA[2] provides for reasonable attorney's fees to the prevailing party, and as the prevailing party Defendant argues they are entitled to attorney fees incurred in having to defend against Plaintiff's claims. (Doc. No. 51-1 at 4-9). Defendant argues Plaintiff brought many of his claims without any evidentiary support and continued to litigate these claims after it became clear the claims were baseless. (*Id.*). Defendant also argues Plaintiff's claims under GINA and the ADA were frivolous and deposition testimony and discovery documents made clear that these claims lacked any evidentiary basis. (*Id.*).

"[W]hile prevailing plaintiffs are entitled to attorney's fees under [the Civil Rights Act] in all but special circumstances, prevailing defendants are entitled to attorney's fees much less frequently." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978)). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.*; *see also Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005); *Taylor v.*

---

[1] "…in any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs. . ." 42 U.S.C.A. § 2000e-5(k). GINA incorporates remedies provided for under the Civil Rights Act of 1964, which also provides that a Court may award attorneys' fees to prevailing parties. *See* 42 U.S.C. § 20000ff-6(a)(1).

[2] "In any action . . . pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . ." 42 U.S.C. § 12205.

*Consolidated Products, Inc.*, 2009 WL 3614536, at *1 (E.D. Tenn. Oct. 27, 2009). "The Court noted that a plaintiff may have an entirely reasonable ground for bringing suit even when the law or facts appear questionable or unfavorable at the outset. Therefore, a plaintiff should not be assessed his opponent's attorney's fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to litigate after it clearly became so." *Id.*; *see also Brooks v. Center Park Assoc.*, 33 F.3d 585, 587 (6th Cir. 1994). "An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Baker v. Windsor Republic Doors*, 2011 WL 805767, at *15 (6th Cir. 2011) (citing *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir.1986)).

Defendant argues Plaintiff's GINA claims are frivolous because Plaintiff was aware at the outset of the litigation that Defendant never required or requested that Plaintiff or any of his family members submit to a genetic test. (Doc. No. 51-1 at 7). Defendant further argues Plaintiff provided no evidence that Defendant was influenced by Plaintiff's family's medical history in making the decision to terminate Plaintiff's employment, and the only fact Plaintiff identified to support his GINA claim was that he voluntarily told his co-workers that cancer ran in his family, which is an exception to GINA liability. (*Id.*). Defendant also argues Plaintiff's ADA claim was frivolous because Plaintiff continued to litigate after it became reasonably clear that there was no evidence of disability discrimination or that Plaintiff requested and was denied an accommodation. (*Id.* at 7-8). Defendant asserts that because Plaintiff could not establish a *prima facie* case for his ADA or GINA claims they are entitled to attorneys' fees for defending these claims.

Plaintiff responds his claims were not frivolous and baseless, and Defendant even conceded Plaintiff's *prima facie* showing of discrimination on the majority of his claims, including his ADA claim. (Doc. No. 52 at 3). Plaintiff argues that even though he continued to litigate his claims after

3

discovery concluded and proceeded to summary judgment where the Court ruled the claims were without merit, does not support the conclusion that his claims were frivolous or groundless. (*Id.* at 4) (citing *Riddle v. Egensperger*, 266 F.3d 542, 551 (6th Cir. 2001)). Finally, Plaintiff argues the crux of this case and the bulk of the summary judgment arguments turned solely on the question of pretext, with all Plaintiff's claims being significantly intertwined. (*Id.*).

The Court finds Defendants are not entitled to an award of attorney fees because the ADA and GINA[3] claims were not frivolous or groundless. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978). Awarding fees to Defendant for the entire case would run counter to the concerns raised by the Supreme Court in *Christianburg*: "district courts were cautioned to 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his actions must have been unreasonable or without foundation.'" *Tam v. Harrah's Tunica Corp., Inc.*, 2012 WL 2681814, at *2 (W.D. Tenn. Jul. 6, 2012) (citing *Christiansburg Garment Co*, 434 U.S. at 421-22). Here, although he did not prevail, Plaintiff presented sufficient evidence in the response to the motion for summary judgment. As such, based on the high standard for awarding attorney's fees to prevailing defendants in discrimination cases, the Court finds Defendants are not entitled to attorneys' fees. (*Id.*).

### III.  ATTORNEY FEES UNDER ERISA

ERISA, 29 U.S.C. § 1132(g)(1), provides that "in any action under the subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion *may* allow a reasonable attorney's fee and costs of action to *either party*." *See Secretary of Dept. of Labor v. King,* 775 F.2d 666, 669 n. 5 (6th Cir.1985) (quoting the statute) (emphasis added). "While

---

[3] While not satisfying the high standard for awarding fees, Plaintiff's GINA claim was troubling to the Court given the limited factual basis for the claim.

4

a party need not prevail entirely for the Court to consider an award of attorneys' fees, some degree of success on the merits is generally required before a party is eligible for an award of attorneys' fees." *Walsh v. Metro. Life Ins., Co.* 2010 WL 1609494, at * 2 (M.D. Tenn. Apr. 20, 2010). In evaluating a motion for attorney's fees "the Sixth Circuit requires a district court to consider the following five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Frassrand v. Metro. Life Ins. Co.*, 2009 WL 6313560, at * 2 (E.D. Tenn. Jun. 1, 2009) (citing *King* 775 F.2d at 669). "These factors are not statutory, and so should be looked at holistically with no one factor 'necessarily dispositive.'" *Warner v. DSM Pharma Chemicals North America, Inc.*, 452 Fed. Appx. 677, 681 (6th Cir. 2011) (citing *Foltice v. Guardsman Products, Inc.* 98 F.3d 933, 936 (6th Cir. 1996)).

Defendant asserts this Court should award attorneys' fees for having to defend against Plaintiff's frivolous ERISA claims. (Doc. No. 51-1 at 9). Applying the five factors, Defendant argues Plaintiff's deposition testimony made it clear that his ERISA claim lacked any evidentiary basis and Plaintiff had no evidence that the cost of his medical care played a role in terminating his employment. (*Id.*). Plaintiff was also earning approximately $110,000 per year while working for Graphic, and an award of attorney's fees would help deter future ERISA litigants from filing claims without evidence. (*Id.* at 10). Finally, Defendant argues the case did not present any significant legal questions under ERISA, and Plaintiff was in pursuit of a monetary award only for himself. (*Id*). Defendant argues all factors weigh in favor of an award of attorneys' fees for the baseless ERISA claims. (*Id.*).

While Plaintiff does not respond directly to the ERISA attorney's fees factors, the Court finds the factors do not weigh in favor of awarding Defendant attorneys' fees. First, while the Court granted Defendant's summary judgment motion on all claims, the Court cannot conclude Plaintiff exhibited bad faith in pursuing his claims. Second, there is little question that Plaintiff cannot pay the amount of requested fees due to his limited income and inability to work. (Doc. No. 52-1). Third, based on the Court's Order on Defendant's Motion for Summary Judgment the Court found Plaintiff's ERISA claim was not supported by the evidence, which could deter future ERISA litigants. Fourth, Defendant correctly states this case does not present any significant legal questions under ERISA. Fifth, the merits of Plaintiff's claim "appear no more devoid of merit than that of any other losing litigant." *Warner*, 452 Fed. Appx. at 681. After weighing the relevant factors, the Court finds the *King* factors do not support an award of attorneys' fees for the Defendant and will not award attorney fees pursuant to ERISA.

### IV. SANCTIONS UNDER FMLA

Defendant requests the Court to award attorneys' fees because Plaintiff did not address his FMLA claim at the summary judgment stage, which emphasizes the fact that Plaintiff was aware there was no merit to this claim. (Doc. No. 51-1 at 11). Defendant argues Plaintiff forced Defendant to incur additional fees to defend a meritless claim and should be sanctioned. (*Id.*).

"A district court may award sanctions pursuant to its inherent powers when bad faith occurs." *Runfola & Assocs. Inc. v. Spectrum reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996). The district court has the "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.,* 125 F.3d 308, 313 (6th Cir.1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975)). "In order to award attorney fees under this bad faith exception, a

district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" *Big Yank Corp.,* 125 F.3d at 313 (quoting *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1375 (6th Cir. 1987)).

The Court's Summary Judgment Order stated Plaintiff abandoned his FMLA interference claim by failing to defend or address the claim in his response brief. (Doc. No. 44 at 15). Defendant argues that it is entitled to sanctions because Plaintiff's attorney did not dismiss the claim at the close of discovery despite having insufficient evidence to prove Plaintiff's claim. (Doc. No. 51-1 at 10). While Plaintiff's attorney opted to abandon the FMLA interference claim rather than defending the claim, the Court does not conclude this constitutes bad faith. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512-25 (6th Cir. 2002) (finding inherent powers must be exercised with restraint and discretion and utilized only when the conduct of a party or attorney is egregious). The Court does not find Plaintiff's FMLA interference claim meritless to the point that it constitutes bad faith, and thus will not award attorneys' fees to Defendant.

For the reasons stated above, Defendant's Motion for Attorneys' Fees is **DENIED**.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE